UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELORES RODGERS,                          CIVIL CASE NO. 05-40084

          Plaintiff,          HONORABLE PAUL V. GADOLA
v.                                        U.S. DISTRICT JUDGE

CITIMORTGAGE, Its Agents and
Employees, and SAFEGUARD
PROPERTIES, INC., Its Agents and
Employees, Jointly and
Severally,

         Defendants.
_____/

**MEMORANDUM OPINION AND ORDER FOR REMAND**

"[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." Douglas v. E.G. Baldwin & Assocs., Inc., 150 F.3d 604, 607 (6th Cir. 1998). In an order filed on March 21, 2005, the Court ordered Defendants to show cause why this action should not be remanded to state court for lack of subject matter jurisdiction. In the notice of removal, Defendants claimed jurisdiction based on diversity of citizenship. The Court ordered Defendants to substantiate the assertion that the amount in controversy exceeds $75,000.00 by a preponderance of the evidence and to show that the parties were completely diverse. Durant v. Servicemaster Co., 147 F. Supp. 2d 744, 747-48 (E.D. Mich. 2001) (Gadola, J.). On the same day as this Court filed its order to show cause, Plaintiff filed a motion

to remand.  Defendants filed a combined response to both Plaintiff's motion and this Court's order to show cause.

The Court is satisfied that the parties are completely diverse.  Defendants' response, however, fails to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.  Accordingly, the Court will remand the case to state court based on the lack of subject matter jurisdiction.

As the Court previously noted, a defendant seeking to remove a case to federal court bears the burden of establishing jurisdiction, and "[t]he notice of removal 'is to be strictly construed, with all doubts resolved against removal.'" Durant v. Servicemaster Co., 147 F. Supp. 2d 744, 747-48 (E.D. Mich. 2001) (Gadola, J.) (citing Coyne v. Am. Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999) (quoting and citing Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989))).  "In cases removed to a federal court 'where the plaintiff seeks to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant who removes the case has the burden of proving by a **preponderance of the evidence** that the amount in controversy more likely than not exceeds the jurisdictional amount." Durant, 147 F. Supp. 2d at 748 (emphasis added)(citing and quoting Gafford v. Gen. Elec. Co., 997 F.2d 150,

158 (6th Cir. 1993)). "The mere assertions of the parties will not defeat a remand for failure to satisfy the jurisdictional amount." Durant, 147 F. Supp. 2d at 748.

Plaintiff's complaint demands an undetermined amount of damages in excess of $25,000.00, in accordance with the State of Michigan's pleading and jurisdictional requirements.[1] See Compl. at ¶ 5. This unspecified amount is not self-evidently greater than $75,000.00. The notice of removal asserts that the amount in controversy exceeds the sum of $75,000.00. See Notice of Removal at ¶ 6(B). Defendants' aggregation of Plaintiff's unspecified claims in the complaint, however, does not demonstrate by a preponderance of the evidence that Plaintiff's claims actually exceed $75,000.00. See Def. Resp. at 2. The aggregation of unspecified amounts does not total a specified, definite amount. The only definite amount the Court found in the pleadings to date is Plaintiff's claim for $1,640.98 for alleged damage to Plaintiff's front door. See Compl. at ¶ 17. Defendants'

---

[1] Michigan Court Rule 2.111(B)(2) mandates that, if a claim is not for a sum certain or a sum that can, by computation, be made certain, a pleading may not state a specific amount; rather, the pleading must include allegations that show that the claim is within the jurisdictional amount requirements of the state court, which in this case is more than $25,000.00 because the case was brought in state circuit court. See Mich. Comp. Laws § 600.8301(1) ("The [state] district court has exclusive jurisdiction in civil actions when the amount in controversy does not exceed $25,000.00.").

3

assertions of the amount in controversy lack sufficient specificity to satisfy the standard articulated above. See <u>Durant</u>, 147 F. Supp. 2d at 747-48; <u>see also</u> <u>McLain v. Am. Int'l Recovery, Inc.</u>, 1 F. Supp. 2d 628, 630-31 (S.D. Miss. 1998).

The Sixth Circuit has articulated the need for "competent proof" of jurisdictional allegations:

> [t]he authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdictional facts are challenged by his adversary in an appropriate manner, he <u>must support them by competent proof</u>. And where they are not so challenged <u>the court may still insist that the jurisdictional facts be established or the case be dismissed</u>, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations <u>by a preponderance of the evidence</u>.

<u>Gafford v. Gen. Elec. Co.</u>, 997 F.2d 150, 160 (6th Cir. 1993) (emphasis added).

While it is true that the preponderance of the evidence standard "does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement," Defendants are still required to meet the preponderance of the evidence requirement. <u>Gafford</u>, 997 F.2d at 158. Without greater specificity or documentation, the Court is unable to conclude that the amount in controversy exceeds $75,000.00 by a preponderance of

the evidence. The Court draws this conclusion from its order to show cause and Defendants' response, therefore the Court does not need to reach the issue of Plaintiff's failure to comply with Local Rule 81.1 in Plaintiff's motion to remand.

**ACCORDINGLY, IT IS HEREBY ORDERED** that this case, **04-40084,** is hereby **REMANDED** to the Circuit Court for Wayne County because this Court lacks subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Remand [docket entry 6] is **DENIED AS MOOT.**

Dated:     April 26, 2005            s/Paul V. Gadola
                                     HONORABLE PAUL V. GADOLA
                                     UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on     April 26, 2005     , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
              Robert M. Horwitz; Katrina Staub                              , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:            Johnny L. Hawkins; Bryan D. Marcus           .

                                     s/Ruth A. Brissaud
                                     Ruth A. Brissaud, Case Manager
                                     (810) 341-7845